IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH CENTRAL STATES REGIONAL COUNCIL
OF CARPENTERS' PENSION FUND, and
JERRY SHAE (in his capacity as Trustee),

  Plaintiffs,

  v.

DIDRIKSON ROOFING & CONSTRUCTION
d/b/a SCOTT DIDRIKSON CONSTRUCTION, INC.,

  Defendant.

ORDER AND ENTRY OF
INJUNCTIVE RELIEF

15-cv-254-wmc

---

Motion for default judgment brought by Plaintiffs in the above-captioned action was submitted to the Court and filed with the clerk. This action having come on for hearing before the Court, the issues having been duly heard, and a decision having been duly rendered, the Court orders as follows:

1. Defendant Didrikson Roofing & Construction d/b/a Scott Didrikson Construction, Inc. has failed to plead or otherwise defend as provided by Rule 55(a) of the Fed. R. Civ. P.

2. Defendant Didrikson Roofing & Construction d/b/a Scott Didrikson Construction, Inc. violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreements by failing to pay fringe benefit contributions on behalf of its employees to Plaintiff Fund and by failing to submit to an audit of the company's books and records by Plaintiff

Fund's designated representative covering the period of January 1, 2010 to the present date.

3. Plaintiff Fund must conduct an audit of Defendant's payroll records to liquidate its claims and proceed to judgment.

## ORDER

IT IS ORDERED THAT:

1. Defendant Didrikson Roofing & Construction d/b/a Scott Didrikson Construction, Inc., shall submit within ten (10) days of the date of this Order to an audit of the company's books and records by Plaintiff Fund's designated representative covering the period January 1, 2010 to the present date.

2. Plaintiffs may submit a motion for default judgment within thirty (30) days of completion of the audit, at which point the court will hold a hearing on the motion and, as appropriate, enter judgment in favor of plaintiffs to include all contributions, interest and liquidated damages due to plaintiffs as reported by the auditor, along with plaintiffs' costs and attorney's fees.

3. In the absence of a motion for default judgment or request for further relief, the court shall hold a telephonic status conference on April 6, 2016, at 8:30 a.m.

Entered this 6th day of January, 2016.

BY THE COURT:

WILLIAM M. CONLEY
District Judge